UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KAREN WRIGHT,

      Plaintiff,

      v.

MIDDLESEX COUNTY
PROSECUTOR'S OFFICE, et al.

      Defendants.

Civil Action No. 10-1351 (JAP)

**OPINION**

PISANO, District Judge.

Plaintiff Karen Wright brings this civil rights action against the Middlesex County Prosecutor's Office ("MCPO") and several of its investigators[1] (the "Investigators", together with MCPO, "Defendants") alleging that Defendants used excessive force in arresting plaintiff while executing a municipal bench warrant. Presently before the Court is Defendants' motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), on the grounds that Defendants are immune from suit under the Eleventh Amendment.[2] The Court decides the matter without oral argument pursuant ot Federal Rule of Civil Procedure 78. For the reasons below, Defendants' motion is granted.

---

[1] The investigators are identified as Investigator J. Martin, Investigator W. Canastra, Investigator Connelly and Investigator Giampietro. According to the complaint, they are employed by the MCPO. Compl. ¶ 4.

[2] Defendants have also moved for summary judgment on a variety of other grounds. In light of the Court's decision as set forth herein, the Court need not reach that portion of Defendants' motion.

## I. BACKGROUND

On or about February 29, 2008, the Investigators went to Plaintiff's apartment to serve a bench warrant on Plaintiff's daughter, Shafeefah Robinson. Cushing Cert., Ex. B. Ms. Robinson was not at home at the time and Plaintiff did not know her daughters whereabouts. The investigators advised Plaintiff that they would return at a later time. *Id.*

On or about March 12, 2008, the Investigators returned to Plaintiff's apartment to again execute the warrant as to Plaintiff's daughter. Def. Rule 56.1 Statement ("Def. Statement") ¶ 4. At the time the Investigators arrived, Plaintiff was dressed in boxer shorts and a tank top, and she had bare feet. *Id.* ¶ 5. She asked the officers to leave so she could put on some clothes, but they ignored her request. *Id.* ¶¶ 6-7. Consequently, Plaintiff decided grab some clothes and make her way to the bathroom to get dressed, at which point she alleges she was grabbed and "slammed" to the floor, injuring her leg. *Id.* ¶¶ 9-10. Emergency medical services was called and Plaintiff was taken to Robert Wood Johnson Hospital for evaluation. *Id.* ¶ 15. The complaint alleges that Plaintiff suffered a broken leg.

In connection with the incident, Plaintiff was charged with third degree aggravated assault on a police officer and third degree resisting arrest. Ultimately, Plaintiff entered a guilty plea to a disorderly persons offense of resisting arrest. *Id.* ¶ 17.

Plaintiff filed the instant action on March 12, 2010 against MCPO and the Investigators. Plaintiff brings a claim under 42 U.S.C. § 1983 alleging Defendants used excessive force in effecting her arrest, thereby violating her rights under the Fourth Amendment. Although the Plaintiff's complaint is not entirely clear, it can also be read as attempting to assert state law claims for assault and battery and defamation. Plaintiff seeks

to hold the MCPO vicariously liable for the actions of the Investigators. The claims against the Investigators are brought against them in their official capacity.

**II. ANALYSIS**

A. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal of claims based on a lack of subject matter jurisdiction. Challenges to jurisdiction under 12(b)(1) may be either facial or factual. *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006); *see also Med. Soc'y of New Jersey v. Herr*, 191 F. Supp. 2d 574, 578 (D.N.J. 2002) ("A facial attack on jurisdiction is directed to the sufficiency of the pleading as a basis for subject matter jurisdiction," while a factual attack "calls into question the essential facts underlying a claim of subject matter jurisdiction."). Because a facial attack challenges the sufficiency of the pleadings, the trial court "must consider the allegations of the complaint as true." *Id.* In a factual attack, on the other hand, plaintiff's allegations are afforded no presumption of truthfulness, *id.*, and the trial court may review evidence outside the pleadings, *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). The plaintiff bears the burden of establishing that jurisdiction exists. *Petruska*, 462 F.3d at 302 n.3.

B. Eleventh Amendment Immunity

Defendants have moved to dismiss Plaintiff's complaint arguing that the Eleventh Amendment to the United States Constitution bars Plaintiff's claims against the MCPO and the Investigators. The Eleventh Amendment is a jurisdictional bar that deprives federal courts of subject matter jurisdiction. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996). It provides that "[t]he Judicial power of the United States shall not

be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." As developed, the Eleventh Amendment affords states (and state officials in appropriate circumstances) immunity from suits brought by citizens in federal court. *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *MCI Telecom. Corp. v. Bell Atl.-Pa.*, 271 F.3d 491, 503–504 (3d Cir. 2001). There are only three "narrowly circumscribed" exceptions to Eleventh Amendment immunity: (1) abrogation by Act of Congress, (2) waiver by state consent to suit; and (3) suits against individual state officials for prospective relief to remedy an ongoing violation of federal law. *M.A. ex rel. E.S. v. State-Operated School Dist. of City of Newark*, 344 F.3d 335, 345 (3d. Cir. 2003) (citing *MCI Telecommunication Corp. v. Bell Atlantic–Pennsylvania*, 271 F.3d 491, 503 (3d Cir. 2001)). There is no argument that any of these exceptions apply here.[3]

It has been "long held that counties, municipalities, and political subdivisions of a state are not protected by the Eleventh Amendment," *Febres v. Camden Bd. of Educ.*, 445 F.3d 227, 229 (3d Cir. 2006). However, sovereign immunity does extend to entities that qualify as an "arm of the state." *See Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *see also Haybarger v. Lawrence County Adult Probation and Parole*, 551 F.3d 193, 198 (3d Cir. 2008) ("[A] suit may be barred by the Eleventh Amendment even though a State is not named a party to the action,

---

[3] Indeed, none of these exceptions are applicable in the instant case. First, it has been held that § 1983 does not override Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 341, 99 S.Ct. 1139, 1145, 59 L.Ed.2d 358 (1979). Second, there is no evidence of a waiver. Third, Plaintiff does not seek prospective relief to remedy an ongoing violation of federal law, but rather seeks damages for an alleged past violation.

so long as the State is deemed to be the real party in interest.") (citing *Regents*, 519 U.S. at 427). Defendants argue that MCPO is an arm of the state and, as such, Plaintiff's suit is prohibited by the Eleventh Amendment.

The Third Circuit set forth the criteria for determining whether an entity is an "arm of a state" for purposes of the Eleventh Amendment (or, said another way, whether a state is the real party in interest) in *Fitchik v. N.J. Transit Rail Operations, Inc.*, 873 F.2d 655, 659 (3d Cir. 1989). A court is to examine the following three factors:

> (1) Whether the money that would pay the judgment would come from the state ([including] whether payment will come from the state's treasury, whether the agency has the money to satisfy the judgment, and whether the sovereign has immunized itself from responsibility for the agency's debts);
>
> (2) The status of the agency under state law ([including] how state law treats the agency generally, whether the entity is separately incorporated, whether the agency can sue or be sued in its own right, and whether it is immune from state taxation); and
>
> (3) What degree of autonomy the agency has.

*Fitchik*, 873 F.2d at 659. Applying these factors here, the Court finds that MCPO is an arm of the state and, therefore, Defendants are entitled to Eleventh Amendment immunity. *See Beightler v. Office of Essex County Prosecutor*, 342 Fed. Appx. 829, 832 (3d Cir. 2009) (noting that New Jersey county prosecutorial offices are arms of the state when engaged in "classic law enforcement and investigative functions.").

Turning to the first factor, the Court finds that payment of any judgment arising out of this suit would come from the state. In *Wright v. State*, 169 N.J. 422, 456, 778 A.2d 443 (2001), New Jersey's Supreme Court held:

> [W]hen county prosecutors and their subordinates are involved in the investigation and enforcement of the State's criminal laws, they perform a function that has traditionally been the responsibility of the State and for

>which the Attorney General is ultimately answerable. In our view, the State should be obligated to pay the county prosecutors and their subordinates' defense costs and to indemnify them if their alleged misconduct involved the State function of investigation and enforcement of the criminal laws.

169 N.J. at 456 (citing *DeLisa v. County of Bergen*, 326 N.J. Super. 32, 740 A.2d 648 (App. Div. 1999) (stating that "[a] County Prosecutor is 'a State officer,' and under our case law, the State may be obligated to defend and pay for actionable civil wrongdoing by the County Prosecutor while acting as a law enforcement officer")).

Examination of the second factor also supports the finding that MCPO is an arm of the state. Under New Jersey law, [4] MCPO is performing a state function and, therefore, is a state entity, when performing its prosecutorial functions. *See Wright*, 169 N.J. at 451-52 ("[W]hen prosecutors perform their law enforcement function, they are discharging a State responsibility that the Legislature has delegated to the county prosecutors, … subject to the Attorney General's right to supersede. The legislative delegation, in combination with the Attorney General's supervisory authority and power to supersede, demonstrates that at its essence the county prosecutors' law enforcement function is clearly a State function.").

Finally, as to the third factor, MCPO is not a completely autonomous entity when acting in its prosecutorial capacity. *See Wright*, 169 N.J. at 452 (New Jersey Attorney General maintains a supervisory role over county prosecutor and may supersede county prosecutor and intervene in any action or investigation instituted by county prosecutor) (citing N.J.S.A. 52:17B-106). Thus, the Court finds that Eleventh Amendment immunity is applicable here. Furthermore, such immunity extends to all Defendants because the

---

[4] "[T]he question whether a particular state agency is an 'arm of the state' entitled to Eleventh Amendment immunity is a 'question of federal law,' but 'that federal question can be answered only after considering the provisions of state law that define the agency's character.'" *Haybarger v. Lawrence County Adult Probation and Parole*, 551 F.3d 193, 201 (C.A.3 (Pa.),2008) (quoting *Regents of the Univ. of Cal.*, 519 U.S. at 429 n. 5)).

Investigators have been sued in their official capacity.  *See Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 (3d Cir.2010) ("Individual state employees sued in their official capacity are ... entitled to Eleventh Amendment immunity.")

In reaching its conclusion, the Court rejects Plaintiff's argument that Eleventh Amendment immunity is inapplicable here because the MCPO and its Investigators were not engaged in prosecutorial or law enforcement functions.  Plaintiff contends that her claims are based upon MCPO developing and maintaining policies "exhibiting deliberate indifference to" citizens' constitutional rights as well as inadequately training and supervising officers, and argues that such actions are administrative, not law enforcement functions.  Pl. Brf. at 6.[5]  This argument fails for at least two reasons.  First, the argument bears no relationship to the actual complaint in this matter, which is devoid of any allegations regarding MCPO's policies, training or supervision.  The complaint alleges only vicarious liability on the part of MCPO.[6]  Compl.  Second, even if such allegations had been raised in the complaint, other courts have rejected arguments similar to Plaintiff's and have held, for example, that "training and supervisory activities" "are prosecutorial functions rather than administrative functions."  *See Pitman v. Ottehberg*, 2011 WL 6935274 (D.N.J. Dec. 30, 2011) (citing *Van de Kamp v. Goldstein*, 555 U.S. 335, 344, 129 S.Ct. 855, 172 L.Ed.2d 706 (2009) (in context of prosecutorial immunity, prosecutors involved in supervision or training enjoy absolute immunity); *Landi v. Borough of Seaside Park*, 2009 WL 606141 (D.N.J. Mar. 9, 2009) (providing training to investigators was a prosecutorial function); *In re Camden Police Cases*, 2011 WL 3651318, (D.N.J. Aug. 18, 2011) (training

---

[5] It is not clear how this argument extends to the Investigators, but Plaintiff claims it is "applicable to" the Investigators as well.  Pl. Brf. at 11.

[6] Which itself is problematic for Plaintiff.  *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009) (vicarious liability inapplicable to § 1983 suits).

and supervision police officers was prosecutorial function); *Fletcher v. Camden County Prosecutor's Office*, 2010 WL 4226150 (N.J. Super. Ct. App. Div. Oct.27, 2010) (affirming dismissal of claims against prosecutor's office for failing to properly train or supervise its officers and for adopting official policy that lead to constitutional violations because prosecutor's office "is a law enforcement agency of the state.")).  The Court, therefore, grants Defendants' motion to dismiss.

## III.  CONCLUSION

For the reasons above, Defendants' motion to dismiss is granted.  An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Dated:  May 24, 2012